Blandford, J.
3. Whether or not, where a bull was killed on the track of one railroad by the train of another company which was permitted to run thereon, a suit could be brought against both companies jointly, and whether or not it was proper to require the plaintiff to elect against which company he would proceed, no injury resulted from the ruling in this case. The plaintiff having elected to proceed against .the company whose train caused the injury, if that company was not liable, the company, which merely owned the track, would not be liable.
(a) In such a case the better practice would be to Sue the two roads separately. ,
2. After a case has been closed ar:d the argument has commenced, whether or not it will be reopened to allow proof of new facts, is a matter of discretion ; and where it appeared that the new facts sought to be proved though previously unknown to counsel, was known to their • client, and that the witnesses for the adverse party had left the court, there was no abuse of discretion in refusing to reopen the case.
3. In an action for damages against a railroad company resulting from the running of its engine and cars, if the engineer was introduced ■as a witness and the fireman was unaccounted for, this might authorize an inference on the part of the jury against the road, and they might believe that the fireman had been kept away because he knew something which might be detrimental to the company, but they were not compelled so to believe, and could believe the testimony of the engineer if they saw proper; and where the fireman was accounted for and produced in court where he could have been examined by the plaintiff, such an inference could not be drawn, because he was not sworn.
Judgment affirmed.